CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07935-S5**
**11/5/2021 3:50 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| LESLIE MICHELLE GARCIA, ) | |
| ) | CIVIL ACTION FILE NO.: |
| Plaintiff, ) | 21-C-07935-S5 |
| ) | |
| v. ) | |
| ) | |
| WAL-MART STORES EAST, LP (Delaware), ) | |
| WALMART INC., and ) | |
| MATTHEW BUTT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR MONEY DAMAGES

COMES NOW Plaintiff, LESLIE MICHELLE GARCIA, by and through counsel, and files

this her Complaint for Money Damages against Defendants, showing the Court the following:

1.

Plaintiff Leslie Michelle Garcia (hereinafter referred to as "Plaintiff"), is a resident of the

State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Defendant Wal-Mart

East") is a corporation organized under the laws of the State of Arkansas and is authorized to

transact business in the State of Georgia, having its principal place of business located at 708 SW

8th Street, Bentonville, Arkansas 72716, and may be served through its registered agent for service,

The Corporation Company (FL), 106 Colony Park Drive Ste. 800-B, Cumming, GA 30040-2794.

3.

Defendant Walmart INC. (hereinafter referred to as "Defendant Walmart INC.") is a corporation organized under the laws of the State of Arkansas and is authorized to transact business in the State of Georgia, having its principal place of business located at 708 SW 8th Street, Bentonville, Arkansas 72716, and may be served through its registered agent for service, The Corporation Company (FL), 106 Colony Park Drive Ste. 800-B, Cumming, GA 30040-2794.

4.

Defendant Matthew Butt (hereinafter referred to as, "Defendant Butt") is a resident of the State of Georgia and may be served with a copy of this Summons and Complaint at Wal-Mart Supercenter, Facility #3388, located at 1400 Lawrenceville Hwy, Lawrenceville, GA 30044. Defendant Butt is subject to the jurisdiction and venue of this Court.

5.

At all times mentioned hereto, Defendant Wal-Mart East or Defendant Walmart INC. owned, operated, possessed, controlled, and/or managed the grounds and facility known as Wal-Mart Supercenter, Facility #3388, located at 1400 Lawrenceville Hwy, Lawrenceville, GA 30044.

6.

Upon information and belief, Defendant Butt is the store manager of Defendant Wal-Mart East or Defendant Walmart INC.'s Supercenter Facility #3388, located at 1400 Lawrenceville Hwy, Lawrenceville, GA 30044.

7.

Jurisdiction is proper as to the Defendants.

8.

Venue is proper as to the Defendants.

9.

Service and service of process is proper.

10.

This court has personal jurisdiction over the Defendants.

11.

On or about December 1, 2019, Defendants were responsible for management of the aforementioned Wal-Mart including ensuring that it was kept in a safe condition for its invitees, including Plaintiff.

12.

On December 1, 2019, Plaintiff was an invitee at Defendant Wal-Mart East or Defendant Walmart INC.'s Wal-Mart Supercenter, Facility #3388, located at 1400 Lawrenceville Hwy, Lawrenceville, GA 30044, as customer.

13.

Plaintiff shopped in the aforementioned Wal-Mart store and approached the baby care aisle to select an item for purchase. On the floor of the baby care aisle were spilled jars of baby food and glass shards.

14.

Plaintiff did not see the spilled baby food and glass shards and slipped and fell on the baby food and glass shards, and sustained injuries to her: left knee, left shin, bilateral shoulders, neck, left foot, hips, and has headaches.

15.

On December 1, 2019, there were no warning signs in the baby care aisle where Plaintiff slipped and fell on the spilled baby food and glass shards.

16.

The Defendants knew or should have known an unmarked spill of baby food and glass shards on the floor of the store was dangerous and could cause invitees to fall and hurt themselves.

17.

Plaintiff did nothing to cause or contribute to her fall and was not negligent in any manner.

18.

The Defendants' negligence included, but is not limited to, one or more of the following: failing to inspect or maintain the premises; failing to ensure that the premises were kept in a safe condition; failing to supervise all employees to ensure no invitees were injured by their own negligence; failing to train employees on how to handle dangerous slipping hazards that could cause injury to invitees; failing to clean up spilled baby food and glass shards on the store floor; failing to warn Plaintiff of the existence of these dangerous conditions by putting up warning signs in the area of spilled baby food and glass shards; failing to keep the store safe for invitees in violation of O.C.G.A. § 51-3-1; and any other acts of negligence that may be proven at trial.

19.

Plaintiff had no notice of the dangerous conditions at Defendant Wal-Mart East or Defendant Walmart INC.'s place of business, Wal-Mart Supercenter, Facility #3388, located at 1400 Lawrenceville Hwy, Lawrenceville, GA 30044, prior to falling.

20.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

21.

Plaintiff had no reason to know of the dangerous conditions as there were no warning signs in the area where she traversed.

22.

Defendant Wal-Mart East or Defendant Walmart INC., its employees and its agents, and Defendant Butt owed a duty of care to Plaintiff to warn her of the dangerous condition in the store.

23.

Defendant Wal-Mart East or Defendant Walmart INC., its employees and its agents, and Defendant Butt had actual knowledge of the dangerous condition on the store floor and failed to warn of the danger or remedy the danger prior to Plaintiff sustaining injury as a result.

24.

As a result of Defendants' negligence, Plaintiff fell and suffered severe injuries.

25.

Because of Defendants' negligence, Plaintiff incurred reasonable, necessary, and continuing medical and healthcare expenses from the injuries, all of which was and will be a proximate cause of this incident in an amount to be proven at trial.

26.

Plaintiff's medical expenses exceed **Sixty Thousand Eight Hundred and Fifteen and 30/100 Dollars ($60,815.30)**, to date and continuing, all proximately caused by Defendants' negligence.

27.

Due to Defendants' negligence, Plaintiff has endured, and will continue to endure mental, physical, and nervous pain and suffering. There is reasonable probability that the injuries will result in some permanent disability and impairment to Plaintiff.

28.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, consequential, lost wages and/or other damages permitted.

29.

To the extent Defendant fails to admit they are solely liable for causing the incident at issue, plaintiffs seek attorney's fees and costs pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully prays as follows:

a)  A jury trial on all issues;

b)  Service of the Summons and Complaint to be issued against the Defendant according to law;

c)  Judgment against Defendant for medical special damages incurred by plaintiff in the amount of at least **Sixty Thousand Eight Hundred and Fifteen and 30/100 Dollars ($60,815.30)**, to date and continuing;

d)  Judgement against Defendant for general damages in an amount to be determined by the enlightened conscience of an impartial jury;

e)  Judgment against Defendant for future special and general damages;

f)  Attorney's fees, expenses and costs of litigation incurred in this action;

g)  The award of pre-judgment and post-judgment interest on the damages awarded to plaintiff pursuant to O.C.G.A. § 51-12-14; and

h)  Such other and further relief as this Court deems just and proper.

This 5th day of November, 2021.

JOHNSON & ALDAY LLC

JOHN E. ALDAY
Georgia Bar No.: 298669
ROBERT D. JOHNSON
Georgia Bar No.: 125305
Attorneys for Plaintiff

219 Roswell Street, N.E.
Marietta, Georgia 30060
(678) 967-4040
(678) 400-2223 FAX
john@johnsonalday.com
bobby@johnsonalday.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LESLIE MICHELLE GARCIA,                              Civil Action File No.
                                                     21-C-07935-S5
            Plaintiff,

v.

WAL-MART STORES EAST, LP (DELAWARE),
WALMART INC. AND MATTHEW BUTT,

            Defendants.
_____/

### ANSWER OF DEFENDANTS WAL-MART STORES EAST, LP WALMART INC. AND MATTHEW BUTT

COME NOW, Defendants WAL-MART STORES EAST, LP, WALMART INC.

and MATTHEW BUTT (erroneously named) and make this Answer to Plaintiff's

Complaint as follows:

### FIRST DEFENSE

Matthew Butt is not a proper Defendant.

### SECOND DEFENSE

Plaintiff's Complaint is barred by insufficiency of service and process as to

Matthew Butt.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which

relief can be granted.

Page -1-

<u>FOURTH DEFENSE</u>

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

<u>FIFTH DEFENSE</u>

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

<u>SIXTH DEFENSE</u>

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

<u>SEVENTH DEFENSE</u>

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

<u>EIGHTH DEFENSE</u>

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

<u>NINTH DEFENSE</u>

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

Page -2-

1.

Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint, but show that Matthew Butt is not a proper Defendant.

5.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store.  Defendants deny the remaining allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint, but show that Defendant Matthew Butt was not the store manager on

the date of the incident.

7.

Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Complaint as to the United States District Court, Northern District of Georgia, Atlanta Division only.

8.

Defendants admit the allegations contained in paragraph 8 of the Plaintiff's Complaint as to the United States District Court, Northern District of Georgia, Atlanta Division only.

9.

Defendants admit the allegations contained in paragraph 9 of the Plaintiff's Complaint as to Wal-Mart Stores East, LP and Walmart, Inc.  Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint as to Matthew Butt.

10.

Defendants admit the allegations contained in paragraph 10 of the Plaintiff's Complaint as to the United States District Court, Northern District of Georgia, Atlanta Division only.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's

Complaint, as stated.  The applicable statute and case law speak for themselves.

12.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint, as stated. Defendants show that Paragraph 15 is a compound sentence.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint, and further deny a "dangerous condition".

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint, as stated.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint, as stated. The applicable statute and case law speak for themselves.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

31.

Defendants deny Plaintiff's prayer for relief, including subparagraphs a), b), c), d), e), f), g), and h) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART INC.
MATTHEW BUTT

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WAL-MART STORES EAST, LP, WALMART INC. AND MATTHEW

BUTT has this day been filed and served upon opposing counsel via Odyssey

eFileGA.

This the    8th    day of December, 2021.

McLAIN & MERRITT, P.C.


 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART INC.
MATTHEW BUTT

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com